**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RICHARD J. SEABERG and<br>ALAN R. SEABERG, Jr.,<br><br>    Plaintiffs,<br><br>            v.<br><br>TALISMAN ENERGY, USA,<br>RANGE RESOURCES-APPALACHIA, LLC,<br>ABARTA OIL & GAS COMPANY,<br><br>    Defendants. | CIVIL ACTION NO. 3:12-cv-1550<br><br>(JUDGE CAPUTO) |

**MEMORANDUM**

Presently before the Court is a Complaint by Plaintiffs Richard J. Seaberg and Alan R. Seaberg, Jr. (Doc. 1). Because the Complaint fails to establish that the Court has subject matter jurisdiction over the action, it will be dismissed unless Plaintiffs can show that diversity jurisdiction is proper.

**I. Background**

Plaintiffs filed this action on August 9, 2012. Plaintiffs' Complaint alleges that they reside in the Commonwealth of Pennsylvania. (Compl. at ¶¶ 1-2, Doc. 1.) In their Complaint, Plaintiffs bring claims against three (3) Defendants. Specifically, they allege that Defendant Talisman Energy, USA "is a Delaware company with an office at 50 Pennwood Place, Warrendale, Pennsylvania." (Compl. at ¶ 3, Doc. 1.) Similarly, Defendant Range Resources-Appalachia, LLC is named as "a Delaware Limited Liability Company, with offices at P.O. Box 30, Canonsburg, Pennsylvania 15317." (Compl. at ¶ 4, Doc. 1.) Plaintiffs further allege that Defendant Abarta Oil & Gas Company is "an Ohio corporation, with offices at 1000 Gamma Drive, Suite 400, Pittsburgh, Pennsylvania 15238." (Compl. at ¶ 5, Doc. 1.)

## II. Analysis

Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte. Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

### A. Limited Liability Company Defendant

In this case, Plaintiffs' Complaint fails to demonstrate the requirements of federal subject matter jurisdiction because it insufficiently alleges the citizenship of a limited liability company. The Complaint alleges that Defendant Range Resources-Appalachia, LLC "is a Delaware limited liability company, with offices at P.O. Box 30, Canonsburg, Pennsylvania 15317." (Compl. at ¶ 4, Doc. 1.)

Plaintiffs plead the citizenship of this LLC in the same manner in which they incorrectly plead the citizenship of the corporate Defendants. *See infra*, Part 2. However, LLC denotes not a corporation, but a limited liability company, and "the citizenship of an

2

LLC is determined by the citizenship of its members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) (quoting *Chapman v. Barney*, 129 U.S. 677, 682 (1889)) (affirming the "oft-repeated rule that diversity jurisdiction in a suit by or against [an artificial] entity depends on the citizenship of 'all the members'"); *see also* 1 Fed. Proc., L. Ed. § 1:176 (2011) (acknowledging that a "limited liability company is a citizen, for purposes of diversity jurisdiction, of each state where its members are citizens.").

Here, the Complaint fails to allege facts regarding the citizenship of the members of Range Resources-Appalachia, LLC.  As such, the Court cannot determine that diversity jurisdiction applies to this entity.

### B.  Corporate Defendants

The Complaint also fails to properly allege the citizenship of the corporate parties. A corporation may have more than one state of citizenship: "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  A corporation may only have *one* principal place of business, and proper invocation of diversity jurisdiction requires that the plaintiff allege where a corporation has *"its* principal place of business." *See S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (affirming the district court's dismissal of a complaint alleging where the plaintiff corporation maintained "*a* principal place of business," rather than "*its* principal place of business").  A corporation's principal place of business is its "nerve center," that is, the place "where a corporation's officers direct, control, and coordinate the corporation's activities."  *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

Plaintiffs' Complaint lists two (2) separate corporate defendants.  However, the Complaint only includes facts as to where each is incorporated and has an office location

in the Commonwealth of Pennsylvania. (Compl. at ¶¶ 3, 5). In order to properly plead the citizenship of these corporations, Plaintiffs must allege the principal place of business for each. As the Complaint does not contain these facts, the Court also cannot determine whether there is proper jurisdiction over these corporate Defendants.

### C. Plaintiffs

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where they are domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300–01 (3d Cir. 1972). A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619 (1914).

To the extent the Complaint alleges that the Plaintiffs are residents the Commonwealth of Pennsylvania, this is not sufficient. Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov*, 465 F.2d at 1300 (3d Cir. 1972) ("Where one lives is prima facie evidence of domicile, but mere residency in a state is insufficient for purposes of diversity.") (internal citations omitted). To properly allege diversity, Plaintiffs must allege their states of citizenship, not merely of residence. As the Complaint does not contain these facts, the Court cannot determine whether subject matter jurisdiction exists.

### III. Conclusion

As Plaintiffs have not shown that complete diversity of citizenship exists between the parties, the Court cannot determine that subject matter jurisdiction exists and the matter is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(h)(3). However, Plaintiffs will be given an opportunity to amend and show that diversity of citizenship

jurisdiction exists. Plaintiffs will be given twenty-one (21) days in which to file a newly-amended complaint. Failure to do so will result in this action being dismissed. An appropriate order follows.

<u>August 23, 2012</u>     /s/ A. Richard Caputo
Date              A. Richard Caputo
                  United States District Judge